In the matter of the probate of the last will and testament of RYNEAR H. WILLIAMS, deceased.

[Decided January 25th, 1924.]

On appeal from a decree of the prerogative court advised by Vice-Ordinary Ingersoll, who filed the following opinion:

"This is an appeal from an order of the orphans court of Atlantic county, admitting to probate the will of one Rynear H. Williams.

"The question whether this paper should be admitted to probate as a will is presented to the prerogative court as an original question, and is to be determined not only upon the evidence taken before the orphans court, but upon that evidence together with other proofs taken here.

"I am convinced that the decedent was, at the time of the execution of the paper in question, competent to make a will. He clearly possessed the 'ability to comprehend those who

appear as the natural objects of his bounty, and appreciate the duty which recommends them for consideration.' *Smith* v. *Smith, 48 N. J. Eq. 566.*

"It is alleged, however, that he was suffering from an insane delusion when he executed the will, and that this is evidenced by the third clause of the will, which reads:

" *'Third*—I am not unmindful of my daughter, Florence Mason. She has already benefited, directly and indirectly from my estate; this, together with the fact that, in my opinion, she has not shown me the affection and respect due a father prompts me to exclude her from any further share or portion of my estate.'

"Continuing the quotation from *Smith* v. *Smith, supra:*

" 'It is not required that he shall in fact correctly ascertain the legal status of each person who apparently stands in natural relation to him. In the exercise of reason, he may move upon premises established by false or insufficient evidence, or by mistake of law, and thus determine to exclude from his bounty those whom, but for his error, he would have recognized. The test is his ability to exercise reason and reach a rational conclusion, however erroneous, with reference to them. Stupid error in either his reasoning or conclusion, is not lack of testamentary capacity. But it is otherwise if he suffers from delusion. A delusion is the mind's spontaneous conception and acceptance of that, as a fact, which has no real existence except in its imagination, and its persistent adherence to it against all evidence. *Middleditch* v. *Williams, 18 Stew. Eq. 726.*

" 'Mistake, whether of fact or law, moves from some external influence which is weighed by reason. Delusion arises from morbid internal impulse, and has no basis in reason.'

"There is sufficient evidence that Williams believed 'that his daughter had benefited from his estate.' While it is true that the 'benefits' he evidently referred to were not from his 'estate,' using that term in its legal significance, it is just as true that she benefited from the property which he considered as justly being his estate, that is the estate particularly con-

sisting of the hotel property, known as the New England Hotel, in Atlantic City, a one-half title thereto being in his wife, who prodeceased him and which interest he believed was, upon her death, to be his.

"His use of or acceptance of the use of the word 'estate' is not convincing that he meant it in its legal significance, nor is such use convincing proof that he was suffering from a delusion concerning the benefits he believed his daughter had received from that property and which benefits she had in fact received.

"Certainly nothing in the latter portion of the third clause: 'together with the fact that, in my opinion she has not shown me the affection and respect due a father prompts me to exclude her from any further share or portion of my estate' can substantiate the charge of delusion. The facts were sufficient for him to arrive at such an opinion. It is not for us to determine whether such an opinion would be reached by us, but was it a rational conclusion.

"Williams had believed his daughter 'had considered herself somewhat above him, that she apparently did not care for him, that she felt ashamed to see him, and when she did come to see him, it was always for money.' That she had neglected him 'and that Mrs. Mason had involved him in litigation on two occasions.'

"Whether Williams was justified in believing that his daughter did not care for him as a daughter should, is immaterial. He did believe it. She was a party in two suits, one of which was concerning the probate of his wife's will, and the other in reference to the title in and use of the hotel property, the one-half of which Williams believed should have belonged to him. There can be no question as to the legality of Mrs. Mason's conduct in reference to her grandmother's will or the distribution of that estate. She was without doubt legally justified in the steps she took in the matters, but they were such that Williams could, without delusion, believe that the facts stated by him in his will were true. This conclusion, that Williams was capable and was not suffering from a

delusion, is confirmed by consideration of the testimony of Judge Shinn.

"The only remaining question is, Was the will the result of undue influence, exercised by the beneficiary, H. Elizabeth Weil?

"It is sufficient that a careful reading of the testimony signally fails to satisfy the mind of the court that undue influence existed. Even if the burden of proof should be on the beneficiary (which under the evidence it is not) she has carried that burden.

"The result is, that the decree of the orphans court is affirmed." '

*Mr. Lewis Starr,* for the respondent.

*Mr. Emerson Richards,* for the appellant.

PER CURIAM.

The decree appeal from will be affiremd, for the reasons stated in the opinion filed in the court below by Vice-Ordinary Ingersoll.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, CLARK—13.

*For reversal*—None.